# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT VAUGHN MCDOUGALD, | : | |
| Plaintiff, | : | Case No. 3:11cv00361 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| MIAMI VALLEY HOSPITAL, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

The Court previously adopted a Report recommending dismissal of Plaintiff's pro se Complaint under 28 U.S.C. §1915(a)(3).  (Doc. #s 3, 5).  The Clerk of Court docketed the resulting Judgment on November 8, 2011.  (Doc. #6).  The next day, Plaintiff filed an untimely Motion for Extension of Time to File Objections asserting, in part, "this action is no way fictitious but meritorious, as well [as] brought in good faith.  As to injuries[,] good cause|s|brought forth same. . . ."  (Doc. #7, PageID #66).

Construing Plaintiff's untimely Motion for Extension of Time to File Objections liberally in his favor, he seeks relief from the Judgment entered against him on November 8, 2011.  His Motion is thus fairly considered to be a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e).  Such Motions "offer district courts an opportunity to correct

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "To grant a motion filed pursuant to Rule 59(e) ... there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (citations omitted).

Plaintiff's Motion does not identify a clear error of law in the Order adopting the Report and Recommendations. His Motion does not refer to newly discovered evidence that would arguably support his allegations and claims, and the Motion does not refer to an intervening change in controlling law. Although he asserts that his claims are brought in good faith and are meritorious, his assertions do not indicate that there is a need to prevent a manifest injustice in this case. Without such assertions, his Motion fails to reveal a manifest injustice stemming from the prior conclusions (1) that this Court lacks subject matter jurisdiction over Plaintiff's state-law claim, and (2) that his Complaint does not present facts indicating that any named defendant acted under acted the color of state law or violated his constitutional rights. *See* Doc. #s 2, 3, 5. Plaintiff therefore lacks a basis for relief from, or amendment of, the Judgment docketed on November 8, 2011.

Accordingly, Plaintiff's Motion lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's Motion for Extension of Time to File Objections (Doc. #7) be DENIED; and

2

      2.      The case remain terminated on the docket of this Court.

March 16, 2012

                                                                      \_\_s/Sharon L. Ovington\_\_\_
                                                                Sharon L. Ovington
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.


Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981).