IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT VAUGHN MCDOUGALD, :

    Plaintiff, :

                           Case No. 3:11-cv-361

    vs. :

                           JUDGE WALTER HERBERT RICE

MIAMI VALLEY HOSPITAL, *et al.*, :

    Defendants :

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S OBJECTION TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS
(DOC. #11); ADOPTING IN FULL THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (DOC. #10); PLAINTIFF'S
MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS (DOC. #7)
TO REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE
(DOC. #3) OVERRULED AS MOOT; CASE REMAINS TERMINATED

---

Pursuant to the reasoning and citations of authority set forth by the United States Magistrate Judge in both of her Reports and Recommendations (Docs. ##3, 10), as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court OVERRULES Plaintiff's Objection to the Magistrate Judge's March 23, 2012, Report and Recommendations (Doc. #11), ADOPTS IN FULL the Report and Recommendations (Doc. #10), and OVERRULES as moot Plaintiff's Motion for Extension of Time to File Objections (Doc. #7), given that same is directed to a previously adopted Report and Recommendations.

In so holding, the Court notes that federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 374, 377 (1994). Plaintiff has failed to state a claim arising "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the circumstances presented here, Plaintiff has no constitutional right to proper medical care. He has not alleged that Defendants were acting under color of state law, but even if he did, "[i]t is not a constitutional violation for a state actor to render incompetent medical assistance" unless the plaintiff is in custody or the state actors do something that creates or increases the risk to the plaintiff. *See Jackson v. Schultz*, 429 F.3d 586, 590 (6th Cir. 2005).

As the Magistrate Judge correctly noted, the Court also lacks diversity jurisdiction under 28 U.S.C. § 1332 since, at the time the Complaint was filed, all parties were citizens of Ohio.[1] In short, this Court lacks subject matter jurisdiction over Plaintiff's claims, and there is no basis, under Federal Rule of Civil Procedure 59(e), to alter or amend the judgment previously entered. Accordingly, this case shall remain terminated on this Court's docket.

---

[1] Plaintiff's subsequent move to California cannot create diversity jurisdiction, which is determined on the date the Complaint was filed. *See Winningham v. North Am. Resources Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992).

2

Date: March 30, 2012

　　　　　　　　　　　　　　　　　／s／ Walter Herbert Rice
　　　　　　　　　　　　　　　　　WALTER HERBERT RICE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3